**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest B. Jackson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ABC NISSAN, INC., et al.,<br><br>　　　　Defendants. | No. CV 03-0563-PHX-SMM<br><br>**ORDER RE: FINAL PRETRIAL CONFERENCE** |

　　　A Final Pretrial Conference has been set in this case for **November 14, 2006 at 3:00 p.m.** Accordingly,

　　　**IT IS ORDERED** that, if this case shall be tried to a jury, the attorneys who will be responsible for the trial of the lawsuit shall prepare and sign a Proposed Pretrial Order and submit it to the Court no later than **4:00 p.m.** on **October 20, 2006**. In addition to filing a written copy of the Proposed Pretrial Order with the Court, the parties shall also submit a copy of the Final Pretrial Order on an IBM-compatible computer disk in WordPerfect® 7.0 format. (360K, 720K, 1.24K, and 1.44K diskettes are all acceptable).

　　　**IT IS FURTHER ORDERED** that the content of the Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 37(c) that the Court will not allow the parties to offer any exhibits, witnesses, or other information that were not previously disclosed in accordance with the provisions of this Order and/or the Federal Rules of Civil Procedure and/or not listed in the Proposed Pretrial Order, except for good cause.

**IT IS FURTHER ORDERED** directing the parties to exchange drafts of the Proposed Pretrial Order **no later than fourteen (14) days before the submission deadline**.

**IT IS FURTHER ORDERED** that the parties shall file and serve all motions in limine no later than **October 20, 2006**. Each motion in limine shall include the legal basis supporting it. Responses to motions in limine are due **October 27, 2006**. No replies will be permitted. The attorneys for all parties shall come to the Final Pretrial Conference prepared to address the merits of all such motions.

**IT IS FURTHER ORDERED** directing the parties to complete the following tasks by the time of the filing of the Proposed Pretrial Order if they intend to try the case before a jury:

 (1) The parties shall <u>jointly</u> file a description of the case to be read to the jury.

 (2) The parties shall <u>jointly</u> file a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall stipulate to the proposed voir dire questions. If the parties have any disagreement about a particular question, the party or parties objecting shall state the reason for their objection below the question.

 (3) The parties shall file a proposed set of <u>stipulated</u> jury instructions. The instructions shall be accompanied by citations to legal authority. If a party believes that a proposed instruction is a correct statement of the law, but the facts will not warrant the giving of the instructions, the party shall so state. The party who believes that the facts will not warrant the particular instruction shall provide an alternative instruction with appropriate citations to legal authority.

- 2 -

1    (4)    Each party shall submit a form of verdict to be given to the jury at the end of
2    the trial.

3    **IT IS FURTHER ORDERED** directing the parties to submit their proposed voir dire
4 questions, joint statement of the case, and stipulated jury instructions on IBM-PC compatible
5 computer disk in WordPerfect® 7.0 format in addition to the written materials filed with the
6 Clerk of the Court. (360K, 720K, 1.24K, and 1.44K diskettes are all acceptable).

7    **IT IS FURTHER ORDERED** that if the case will be tried to the Court, rather than
8 to a jury, <u>instead of</u> filing a Proposed Pretrial Order, each party shall submit proposed
9 findings of fact and conclusions of law by the same date the Proposed Pretrial Order is due.
10 These proposed findings of fact and conclusions of law shall be submitted in both written
11 copy and on an IBM-compatible computer disk in WordPerfect® 7.0 format. (360K, 720K,
12 1.24K, and 1.44K diskettes are all acceptable).

13    **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the
14 possibility of settlement and should settlement be reached, the parties shall file a Notice of
15 Settlement with the Clerk of the Court.

16    **IT IS FURTHER ORDERED** that this Court views compliance with the provisions
17 of this Order as critical to its case management responsibilities and the responsibilities of the
18 parties under Rule 1 of the Federal Rules of Civil Procedure.

19    DATED this 19th day of September, 2006.

_____
Stephen M. McNamee
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| , | ) | No. -PHX-SMM |
| Plaintiff, | ) ) ) | **PROPOSED PRETRIAL FORM OF ORDER** |
| vs. | ) ) | |
| , | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pursuant to the Scheduling Order, the following is the joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference set for _____, _____ .

A. **COUNSEL FOR THE PARTIES**

(Include mailing address, office phone and fax numbers).

Plaintiff(s):

Defendant(s):

B. **STATEMENT OF JURISDICTION**.

Cite the statute(s) which gives this Court jurisdiction.

(e.g., Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

Jurisdiction (is/is not) disputed.

(If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

C. **NATURE OF ACTION**.

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

(e.g., - This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

D. **CONTENTIONS OF THE PARTIES**.

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Citation to relevant legal authority is required.

(e.g., In order to prevail on this products liability case, the plaintiff must prove the following elements . . . .

In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . . .)

E. **STIPULATIONS AND UNCONTESTED FACTS**

1. The following facts are admitted by the parties and require no proof:
2. The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

- 2 -

F. **CONTESTED ISSUES OF FACT AND LAW**

1. The following are the issues of fact to be tried and decided: (Each issue of fact must be stated separately and in specific terms. Each parties' contention as to each issue must be set forth with respect to each and every issue of fact). E.g.,

   Issue # 1: Whether Plaintiff used due care.

   Plaintiff Contends: Plaintiff looked both ways before stepping into the street . . . .

   Defendant Contends: Plaintiff was chasing a ball and darted out into the street without looking . . . .

2. The following are the issues of law to be tried and determined: (Each issue of law must be stated separately and in specific terms. Each parties' contention as to each issue must be set forth with respect to each and every issue of law). E.g.,

   Issue # 1: Whether Plaintiff's suit is barred by the doctrine of laches.

   Plaintiff Contends: . . .

   Defendant Contends: . . .

G. **LIST OF WITNESSES**.

A jointly prepared list of witnesses and their respective addresses, identifying each as either plaintiff's or defendant's, and indicating whether a fact or expert witness, must accompany this proposed order. If a witness' address is unknown, it should be so stated. A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses (1) shall be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial.

Additionally, the parties shall include the following text in this portion of the Proposed Pretrial Order:

- 3 -

1  The parties understand that the Court has put them on notice that they are
2  responsible for ensuring that the witnesses they want to put on the stand to
3  testify are subpoenaed to testify, regardless of whether the intended witness is
4  listed as a witness for the plaintiff(s) or the defendant(s). Simply because a
5  party lists a witness does not mean that the witness will be called. Therefore,
6  a party should not rely on the listing of a witness by the opposing party as an
7  indication that the witness will be called.  To the extent possible, the parties
8  shall stipulate to the witnesses who will be called to testify.

H. **LIST OF EXHIBITS**.

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

    a. Plaintiff's Exhibits:

    b. Defendant's Exhibits:

2. As to the following exhibits, the parties have reached the following stipulations:

    a. Plaintiff's Exhibits:

    b. Defendant's Exhibits:

3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated beneath:

    a. Plaintiff's Exhibits:

    (E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . . (the objection must specify why there is a lack of foundation)).

    b. Defendant's Exhibits:

    (E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff

- 4 -

        objections on ground of relevance and materiality because (the objection must specify why there is relevancy or materiality problem)).

I. **DEPOSITIONS TO BE OFFERED**.

The parties shall list the depositions to be used at trial. The portions to be read at trial shall be identified by page and line number. Counsel should note objections to deposition testimony by writing the objection in the margins of that portion of the text of the deposition to which the objection is made. Moreover, these objections shall be explained in this portion of the Proposed Pretrial Order. As is the Court's practice at trial, it is <u>not sufficient</u> for an objecting party to simply state perfunctory grounds for an objection (e.g., "hearsay" or "lack of foundation") contained in the Proposed Pretrial Order. Each party must explain the basis for each perfunctory objection (e.g., <u>why</u> it is hearsay, <u>why</u> it lacks foundation, <u>why</u> it is irrelevant).

J. **MOTIONS IN LIMINE**. Motions in limine shall be served, filed, and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

K. **LIST OF ANY PENDING MOTIONS**

L. **PROBABLE LENGTH OF TRIAL**

M. **JURY DEMAND** - A jury trial (has) (has not) been requested. If a jury trial was requested, (indicate the appropriate selection):

1. the parties stipulate the request was timely and properly made;

2. the (Plaintiff or Defendant) contends the request was untimely made because: (explain why request was untimely); or

3. the (Plaintiff or Defendant contends that although the request for trial by jury was timely, the request is improper as a matter of law because: (indicate the legal basis why a jury trial would be improper).

- 5 -

<u>For a Bench Trial</u>

N-1.  **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be filed and served by each party in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

<u>For a Jury Trial</u>

N-2.  **STIPULATED JURY INSTRUCTIONS, PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT** shall be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

O.  **CERTIFICATIONS**. The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Order and Order Setting Final Pretrial Conference.

5. [Unless otherwise previously ordered to the contrary], the parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

APPROVED AS TO FORM AND CONTENT:

_____        _____
Attorney for Plaintiff                                                      Attorney for Defendant

- 6 -

1  Based on the foregoing,

2  **IT IS ORDERED** that this Proposed Pretrial Order jointly submitted by the parties
3  is hereby **APPROVED** and is thereby **ADOPTED** as the official Pretrial Order of this Court.

5  DATED this _____ day of _____, _____.

_____
Stephen M. McNamee
Chief United States District Judge