**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest B. JACKSON, ) | No. CIV 03-563-PHX-SMM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ABC NISSAN, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

A Final Pretrial Conference was held in this matter on January 3, 2007. At this hearing, the Court deferred ruling on two subjects raised in Defendant's Amended Motion in Limine: (1) whether the depositions of Bill Flock and Dave Arnold, which were taken in a prior lawsuit involving Defendant, are admissible; and, (2) whether alleged remarks or comments directed at persons of other races are admissible. (Dkt 125 at 1-3, 10-11). Having considered the arguments raised by the parties, the Court now issues the following supplemental ruling.

**I. Depositions of Bill Flock and Dave Arnold**

Plaintiff intends to offer at trial the deposition testimony of Bill Flock and Dave Arnold. This testimony was given in a prior lawsuit brought by the Equal Employment Opportunity Commission against Pinnacle Nissan, Inc. Defendant contends that the depositions should be excluded because there is no showing that the requirements of Rule 32(a) of the Federal Rules of Civil Procedure have been met. (Dkt 125 at 1). Defendant admits that ABC Nissan was a Defendant in this prior lawsuit, but states that its role was

limited because it was sued "only with respect to derivative 'single employer/joint employer' claims because it formerly provided automobile dealership management consulting services to Pinnacle Nissan." (Dkt 125 at 2). Defendant argues that because the work environment and any alleged racial harassment at ABC Nissan's dealership were not at issue in the prior lawsuit, they did not have the same interest or a similar motive to question the deponents as it would have in this lawsuit. *Id*. Defendant further argues that these depositions should be excluded because they are inadmissible hearsay and do not satisfy the requirements for the prior testimony exception to the hearsay rule. The Court agrees in part.

Rule 32(a) states in relevant part:

> [w]hen an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor.

Fed. R. Civ. P. Rule 32(a)'s requirements that the prior and present lawsuits involve the same subject matter and the same parties or their representatives or successors in interest "have been construed liberally in light of the twin goals of fairness and efficiency." *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982). "The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit" and "[c]ourts have required only a substantial identity of issues." *Id*.

Here, the Court finds that the requirements of Rule 32(a) have been met because both depositions extensively address whether David Arnold, the former General Sales Manager of ABC Nissan, made a racial slur in the presence of Plaintiff. The deposition of Mr. Flock extensively addresses the investigation of an anonymous complaint of racial discrimination levied against David Arnold as well the working environment at ABC Nissan. In addition, the deposition of Mr. Arnold also deals with Mr. Arnold's employment at ABC Nissan and specifically addresses whether Mr. Arnold referred to a customer using a racial slur in the presence of Plaintiff. Accordingly, the Court finds that the prior and present lawsuit involve a substantial identity of issues.

However, pursuant to Rule 32(a), a deposition is only admissible at trial "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." Fed. R. Civ. P.  Defendant argues that the depositions do not satisfy the requirements for the prior testimony exception to the hearsay rule; however, Plaintiff contends that the depositions are admissible as admissions by a party-opponent.  An admission by a party-opponent is not hearsay if the statement is offered against the party and is "a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D).  In his deposition, Mr. Arnold admitted to referring to an Afro-American customer using a racial slur in the presence of Plaintiff while they were both working at ABC Nissan.  Thus, the Court finds that this depositions constitutes an admission by a party-opponent and is therefore not hearsay under the rules of evidence.  However, the Court finds that Plaintiff has failed to demonstrate that Mr. Flock was an agent of ABC Nissan and, therefore, will not admit his deposition as an admission by a party-opponent.

Accordingly, the Court will grant Defendant's motion as to the deposition of Mr. Flock, but deny Defendant's motion as to the deposition of Mr. Arnold.

**II.  Alleged Remarks About Persons of Others Races**

Defendant moves to exclude any evidence or argument regarding alleged derogatory remarks concerning persons of races other than Plaintiff's race. (Dkt. 125 at 10-11). According to Defendant, comments about persons of other races are irrelevant to this lawsuit and, furthermore, the probative value of such comments is substantially outweighed by the dangers of unfair prejudice, confusion and misleading the jury.  At the Final Pretrial Conference, Plaintiff argued the remarks are relevant and probative for his claim for punitive damages and the affirmative defense raised by Defendant.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Fed. R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

1  considerations of undue delay, waste of time, or needless presentation of cumulative
2  evidence. Fed. R. Evid. 403.

3        The Court will deny Defendant's motion to exclude any evidence or argument
4  regarding alleged derogatory remarks concerning persons of races other than Plaintiff's race.
5  As stated in this Court's previous Order ruling on the motions for summary judgment (Dkt.
6  104 at 18), comments about other racial groups, when viewed cumulatively with other
7  instances of racial slurs, are relevant to Plaintiff's hostile work environment claim.  In
8  addition, the Court finds that these other alleged  comments are relevant to Defendant's
9  affirmative defense because they relate to whether Defendant tolerated racial harassment in
10 the workplace and attempted to promptly correct racially harassing behavior.

11       Accordingly,

12       **IT IS HEREBY ORDERED** that Defendant's Amended Motion in Limine (Dkt. 125)
13 is GRANTED IN PART and DENIED IN PART as follows:

14       <u>GRANTED</u>: The Court will sustain Defendant's objection to the admission of the
15 deposition of Bill Flock.

16       <u>DENIED</u>: The Court will overrule Defendant's objection to the admission of the
17 deposition of Dave Arnold and overrule Defendant's objection to the admission of alleged
18 derogatory remarks concerning persons of races other than Plaintiff's race.

19       DATED this 29th day of January, 2007.

Stephen M. McNamee
United States District Judge