**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest B. Jackson,<br><br>      Plaintiff,<br><br>      v.<br><br>ABC Nissan, Inc., et al.,<br><br>      Defendants. | CIV-03-563-PHX-SMM<br><br>**FINAL JUDGMENT** |

On August 7, 2006, the Court signed its Memorandum of Decision and Order granting the motions for summary judgment filed by Defendant Automotive Investment Group–Arizona, Inc. ("AIG") and Defendant CTVT Motors, Inc. d/b/a Camelback Toyota ("Camelback Toyota") (Dkt. 104). On October 26, 2007, Plaintiff Ernest Jackson and Defendant ABC Nissan, Inc. filed a Stipulation of Dismissal stipulating to the dismissal of all claims by or against either of them with prejudice (Dkt. 144). The Court dismissed the claims between Plaintiff and Defendant ABC Nissan by Amended Order dated November 13, 2007 (Dkt. 149). Defendant ABC Nissan has filed a Request for Entry of Final Judgment (Dkt. 147). Pursuant to the Memorandum of Decision and Order and the Stipulation of Dismissal, the Court enters this Final Judgment and it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's claims against Defendant AIG are dismissed with prejudice in accordance with the Court's Memorandum of Decision and Order dated August 7, 2006 (Dkt. 104). Plaintiff shall take nothing against Defendant AIG.

2. Plaintiff's claims against Defendant Camelback Toyota are dismissed with prejudice in accordance with the Court's Memorandum of Decision and Order dated August 7, 2006 (Dkt 104). Plaintiff shall take nothing against Defendant Camelback Toyota.

3. Plaintiff's claims against Defendant ABC Nissan and Defendant ABC Nissan's claims against Plaintiff are dismissed with prejudice pursuant to the Stipulation of Dismissal filed by Plaintiff and Defendant ABC Nissan on October 26, 2007, and the Amended Order entered by the Court on November 13, 2007 (Dkt. 149). Plaintiff and ABC Nissan shall bear their own costs and fees, including attorney's fees.

4. Defendant AIG shall recover its costs from Plaintiff pursuant to Federal Rule of Civil Procedure 54(d).

5. Defendant Camelback Toyota shall recover its costs from Plaintiff pursuant to Federal Rule of Civil Procedure 54(d).

6. Defendant Camelback Toyota shall recover its reasonable attorney's fees from Plaintiff pursuant to the Court's Memorandum of Decision and Order dated August 7, 2006 (Dkt. 104), such claim for reasonable attorney's fees to be filed in accordance with Local Rule of Civil Procedure 54.2.

7. All writs and processes for the enforcement of this judgment may issue as necessary.

8. This judgment finally disposes of all claims and all parties, except as otherwise provided herein.

9. All other relief not expressly granted is denied.

DATED this 7th day of December, 2007.

_____
Stephen M. McNamee
United States District Judge