**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest B. Jackson, | No. CV-03-563-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| ABC Nissan, et al., | |
| Defendants. | |

Pending before the Court is Defendant CTVT Motors, Inc.'s ("Camelback Toyota") Accounting of Expense Incurred in Connection with Motions to Compel Discovery (Dkt. 151). As part of an Order dated January 24, 2006 (Dkt. 103), the Court granted Camelback Toyota its expenses incurred in filing motions to compel (Dkts. 74, 87).

Camelback Toyota seeks $3,860.00 in fees related to its efforts to obtain discovery responses from Plaintiff, preparing and urging the motions to compel, and preparing its accounting of expenses and related documents. (Dkt. 151.) Camelback Toyota's counsel Stephanie K. Osteen billed 9.2 hours on these matters at a rate of $275.00 per hour. Her associate W. Richmond Malone billed 7.6 hours on these matters at a rate of $175.00 per hour. Camelback Toyota did not request an award of related expenses, such as photocopying costs and mailing costs.

Plaintiff has not responded to Camelback Toyota's Accounting of Expenses within the time allotted by the Federal Rules of Civil Procedure. Their responsive memorandum was due

1  no later than December 4, 2007. To date, Plaintiff has not filed any objection to Camelback
2  Toyota's fee request.
3        The issuance of orders compelling disclosure or discovery is governed by Rule 37(a) of
4  the Federal Rules of Civil Procedure. The award of expenses incurred in moving for a
5  protective order are, in turn, governed by Rule 37(a)(5). If the court grants a motion to compel,
6  the court shall require the party or attorney whose conduct necessitated the motion to compel
7  to pay reasonable expenses, including attorney's fees, unless the court finds the movant did not
8  attempt in good faith to obtain discovery without court action, opposition to the discovery was
9  substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ.
10 P. 37(a)(5)(A). The Court has found that Camelback Toyota attempted in good faith to obtain
11 discovery without court action, and that Plaintiff's opposition to the sought discovery was not
12 substantially justified. In the absence of other circumstances which would make an award of
13 expenses unjust, the Court reaffirms its Order granting the attorney's fees associated with
14 Camelback Toyota's motions to compel.
15       Furthermore, after reviewing the affidavit and accounting of expenses filed by
16 Camelback Toyota's counsel, and considering Plaintiff's lack of objection to the fee award, the
17 Court finds the request of $3,860.00 for attorney's fees related to its motions to compel
18 reasonable. Consequently, Plaintiff will be ordered to pay this amount to Camelback Toyota.
19       Accordingly,
20       **IT IS HEREBY ORDERED** that Defendant CVTV Motors, Inc. is awarded $3,860.00
21 in attorney's fees related to its motions to compel, to be paid by Plaintiff Ernest B. Jackson and
22 Attorney Stephen G. Montoya, jointly and severally.
23       DATED this 13th day of February, 2008.

                                                      Stephen M. McNamee
                                                      United States District Judge