**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest B. Jackson, | No. CV-03-563-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| ABC Nissan, Inc., et al., | |
| Defendants. | |

Pending before the Court is Defendant CTVT Motors, Inc.'s ("Camelback Toyota") Motion for Attorney's Fees (Dkt. 148) and supporting memorandum (Dkt. 155). As part of an Order entered August 7, 2006, the Court granted summary judgment in favor of Camelback Toyota on Plaintiff's claims for alleged constructive discharge and hostile work environment. (Dkt. 104.) The Court also granted Camelback Toyota's request for attorney's fees incurred in defending Plaintiff's claims against it. (Id. at 27:10-28:7.) Following a stipulation of dismissal with prejudice, Camelback Toyota filed the instant Motion for attorney's fees incurred in connection with defending against Plaintiff's claims. (Dkt. 148.) The Court entered final judgment by order dated December 10, 2007. (Dkt. 152.) Camelback Toyota then filed its memorandum and exhibits supporting its request for attorney's fees on February 8, 2008.[1] (Dkt. 155.)

---

[1] The Court previously granted Camelback Toyota's separate request for attorney's fees incurred in relation to its motions to compel. (Dkt. 156, Order dated Feb. 13, 2008.)

1  Camelback Toyota seeks $59,961.50 in fees incurred in defending against Plaintiff's
2  claims. Camelback Toyota's counsel Stephanie K. Osteen billed 124.5 hours on this matter at
3  a rate of $275.00 per hour. Her co-counsel M. Brett Burns billed 65.5 hours at a rate of $250.00
4  per hour. Jennifer A. Reith (formerly Sweeney) and W. Richmond Malone, also attorneys at
5  the Akin Gump law firm, billed 10.8 and 6.4 hours, respectively, both at a rate of $175.00.
6  Paralegals Eileen M. Cummo and Mathew R. Peyton billed 8.1 and 4.5 hours, respectively, both
7  at a rate of $110.00. Camelback Toyota did not request an award of related expenses—such as
8  photocopying costs, conference calls, and mailing costs—and each attorney or paralegal worked
9  and billed more than the hours indicated.

10  Plaintiff did not respond to Camelback Toyota's Memorandum for Attorney's Fees
11  within the time allotted by the Federal and Local Rules of Civil Procedure. As Camelback
12  Toyota filed its Memorandum on February 8, 2008, Plaintiff's responsive brief was due no later
13  than February 26, 2008. See LRCiv 54.2(b)(3). To date, Plaintiff has not filed any objection
14  to Camelback Toyota's fee request. According to Camelback Toyota's Statement of
15  Consultation, Ms. Osteen personally consulted in good faith with Plaintiff's counsel Stephen
16  G. Montoya on February 1, 2008, but the parties were unable to resolve all disputed issues
17  relating to attorney's fees. (Dkt. 155, Ex. 1.)

18  A prevailing defendant in a Title VII case may be awarded attorney's fees if the court
19  finds the claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to
20  litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422
21  (1978). The legal principles guiding a court in a Title VII dispute "apply with equal force" to
22  an action brought under 42 U.S.C. § 1981. Manatt v. Bank of America, NA, 339 F.3d 792, 797
23  (9th Cir. 2003). Plaintiff's claims against Camelback Toyota alleged violations of § 1981. The
24  Court found that diligent discovery and legal research would have made clear that Plaintiff
25  could not prevail on his claims against Camelback Toyota. (Dkt. 104, Order dated Aug. 7, 2007
26  at 27:18-28:7.)  The Court now reaffirms its Order that attorney's fees incurred in defending
27  against Plaintiff's claims will be awarded.

28

Furthermore, after reviewing the affidavit of Ms. Stephanie Osteen, the breakdown of services rendered by counsel and paralegals, and considering Plaintiff's lack of objection to the fee award, the Court finds the request of $59,961.50 for attorney's fees related to defending Plaintiff's claims to be reasonable. Consequently, Plaintiff will be ordered to pay this amount to Camelback Toyota.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant CTVT Motors, Inc.'s Motion for Attorney's Fees Incurred in Connection with Defense of Claims (Dkt. 148). Defendant CTVT Motors, Inc. d/b/a Camelback Toyota is awarded $59,961.50 in attorney's fees incurred in defending against Plaintiff's claims, to be paid by Plaintiff Ernest B. Jackson and Attorney Stephen G. Montoya, jointly and severally.

DATED this 3rd day of March, 2008.

_____
Stephen M. McNamee
United States District Judge